UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KEVIN DUANE HUEY,

        Petitioner,        6:14-cv-01925-TC

        v.        FINDINGS AND RECOMMENDATION

GUY HALL,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner brings this habeas corpus proceeding under 28 U.S.C § 2254, challenging his convictions for three counts of Violating a Court's Stalking Protective Order and two counts of misdemeanor Telephonic Harassment. Petition (#3).

    Petitioner alleges a single claim for relief: that the state of Oregon Stalking statute violates the First Amendment of the United States Constitution. *Id.*

    Respondent moves to deny relief and dismiss this

1 - FINDINGS AND RECOMMENDATION

proceeding on the ground that petitioner did not fairly present his claim to the highest state court and it is now procedurally defaulted. Response (#19) p. 1.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

In this case, petitioner presented a similar claim on his direct appeal. Exhibit 104, pp. 7-10. The Oregon Court of Appeals affirmed without opinion and petitioner did not seek review by the Oregon Supreme Court.

The time for presenting the claim to the Oregon Supreme Court has expired. See, O.R.S. §2.520 (requiring petitions for

2 - FINDINGS AND RECOMMENDATION

review to be filed not later than 25 days after a Court of Appeals decision).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. <u>Boerckel</u>, 526 U.S. at 848, citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000), <u>Coleman</u>, 501 U.S. at 750; <u>see also</u>, Wainwright <u>v. Sykes</u>, 433 U.S. 72 (1977); <u>Murray v. Carrier</u>, 477 U.S. 748 (1986); <u>Hughes v. Idaho Bd. of Corr.</u>, 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Murray</u>, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. <u>Id</u>.

3 - FINDINGS AND RECOMMENDATION

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

Petitioner has not alleged any cause and prejudice for his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Accordingly, petitioner's Petition (#3) should be denied. The Clerk of the court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual

4 - FINDINGS AND RECOMMENDATION

determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this \_\_\_ day of August, 2015.

_____
Thomas M. Coffin
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION